UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Talik Dominque Brewington, | ) | C/A No. 8:25-cv-1968-MGL-WSB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Erik Daniel, Maj. Michael Brown, Lt. Matusiewicz, | ) | |
| Lt. Flemmings, Megan Carson, Shada Eaddy, | ) | |
| V. Williams, Jones, Jeffery Palmer, Hennigen | ) | |
| Wyndam, Kelsie Mceleveen, Shaw Hassdna, | ) | |
| Ceaser, Sgt. Cara Brown, Sgt. Lamont Hicks, | ) | |
| Sgt. Hubert Moses, Sgt. Kiona Quick, Cpl. Javonle | ) | |
| Gee, Lt. Matthew Matuseiwiaz Patton, Lt. Victoria | ) | |
| Capers, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, brings this civil action pursuant to 42

U.S.C. § 1983.  Plaintiff is a pretrial detainee and is currently incarcerated at the Florence County

Detention Center.  ECF No. 1 at 3, 5.  Under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)

(D.S.C.), the undersigned United States Magistrate Judge is authorized to review the pleadings

filed in this case for relief and submit findings and recommendations to the district court.  For the

reasons below, this action is subject to summary dismissal.

## BACKGROUND

**Procedural History**

Plaintiff commenced this action by filing a Complaint on the standard form.  ECF No. 1.

By Order dated April 3, 2025, the Court notified Plaintiff that, upon screening in accordance with

28 U.S.C. §§ 1915 and 1915A, the Complaint was subject to summary dismissal for the reasons

identified by the Court.  ECF No. 9.  The Court noted, however, that Plaintiff might be able to cure

1

the deficiencies of his Complaint and granted Plaintiff twenty-one days to file an amended complaint. *Id*. at 13. Plaintiff was warned as follows:

> **If Plaintiff fails to file an amended complaint that corrects the deficiencies identified [in the Court's Order], this action will be recommended for summary dismissal pursuant to 28 U.S.C. §§ 1915 and 1915A without further leave to amend.**

*Id*. at 14. Plaintiff has not filed an Amended Complaint, and the time to do so has lapsed.[1]

**Factual Allegations**

Plaintiff makes the following allegations in his Complaint. ECF No. 1. Plaintiff contends he has experienced improper medical care, medical negligence, cruel and unusual punishment, harassment, due process violations, imminent danger, misconduct, and Eighth Amendment violations. *Id.* at 5.

According to Plaintiff, the jail was on lockdown almost every day from February 13 to 16, 2025, due to staff shortages and staff not wanting to do their jobs. ECF No. 1-1 at 2. Plaintiff lists the following Defendants as to this allegation: Wyndham, Eaddy, Cpl. Gee, Lt. Flemmings, Sgt. Moses, Maj. Michael, and Brown, but he does not explain their respective actions with regard to this claim. *Id.* On November 1, 2025, Plaintiff witnessed Sgt. Moses spray inmate Wheatley in his private parts with mace. *Id.* Cpl. Gee jumped down on an inmate with all his weight trying to harm him. *Id.* On January 27, 2025, staff in the booking area denied an inmate medical care, and that inmate died of an overdose. *Id.* Plaintiff lists the following Defendants as to this allegation: Lt. Matusiewicz, Lt. Flemmings, Sgt. Quick, Lt. Capers, and Maj. Michael Brown, but again, Plaintiff does not explain their respective actions or inactions. *Id.* Plaintiff further alleges Maj.

---

[1] Plaintiff's amended complaint was due on April 24, 2025. ECF Nos. 7; 9.

Michael Brown and Capt. Patton knew about these issues but failed to implement corrective measures. *Id.*

Officer Mceleveen and Officer Williams allowed an inmate into Plaintiff's cell while Plaintiff was injured and "popped" cell doors allowing inmate Eaddy to attack Plaintiff while he was injured. *Id.* at 3. On February 6, Plaintiff saw an inmate ask for medical help, but Officer Eaddy refused medical attention. *Id.* Officer Gee and others carried the inmate down the stairs and left him in the middle of the C Pod. *Id.* Plaintiff alleges the inmate was dead, which traumatized Plaintiff. *Id.*

Plaintiff contends he was not afforded due process prior to a preliminary hearing. *Id.* Plaintiff states he asked about his preliminary hearing and requested one, but never got a response or court date. *Id.* Plaintiff lists the following Defendants as to these allegations: Major Michael Brown, Sgt. Brown, but again provides no factual allegations as to these Defendants' specific actions. *Id.*

Nicholas Mitchell was tased eight times by second shift staff. *Id.* On December 20, 2024, Plaintiff was trying to get to the toilet in his cell but ended up urinating on himself. *Id.* at 4. Plaintiff claims that staff denied Plaintiff medical attention and inmate Nicholas had to help him. *Id.* On December 18, 2024, Plaintiff's "wound felt split open; [Plaintiff] asked staff from medical to let [him] get EMS; [staff] deprived [Plaintiff] of that and left [him] in cell with no medical [attention]." *Id.* Officers Wyndham and Burgess took Plaintiff's blood pressure and saw it was high, but they still did not help Plaintiff. *Id.* On December 17, 2024, inmate Mitchell was placed in Plaintiff's cell after he had surgery, which Plaintiff contends was a safety issue because he had no way to defend himself if he was attacked. *Id.* On December 16, 2024, Erik Daniel would not give Plaintiff prescribed medication after his surgery. *Id.* On December 20, 2024, Officer Carson

refused to give Plaintiff medication until Plaintiff told Cpl. Davis about his ibuprofen and she then offered Plaintiff his medication. *Id.*

On January 4, 2025, Erik Daniel placed Plaintiff behind booking and deprived him of his regular privileges, placing Plaintiff on lockdown for all but thirty minutes a day. *Id.* at 5. Plaintiff contends he was not "on disciplinary," and the lockdown started messing with his mental state. *Id.* On January 5, 2025, Officer Jones deprived Plaintiff of his medicine at first, then laughed as Plaintiff told his family about it on video chat. *Id.* Officer Jones then brought Plaintiff his medication and took his tablet. *Id.* On January 1, 2025, Officer Eaddy refused to give Plaintiff medication in a timely manner. *Id.* Plaintiff asked for Tylenol at 11:30, but Officer Eaddy did not give it to Plaintiff until 4:00 pm. *Id.* On February 23, 2025, Sgt. Quick and Lt. Capers "were not concerned about an inmate that was having a seizure and going through withdraws [and] they walked in[to the] pod slowly with no urgency." *Id.*

On February 11, 2025, Michael Brown and Patton added an inmate to Plaintiff's two-man cell. *Id.* at 6. Plaintiff contends he has medical issues and "they are constantly overcrowding." *Id.* On January 16, 2025, Johnathan Kirby asked Officer Mcelveen if he could push Plaintiff down the hall and "she stated he got a strong leg, he can push himself; sarcastically; Officer Shaw proceeded to uncuff Kirby and let him push [Plaintiff] because she knew [Plaintiff] needed help." *Id.* On January 10, 2025, Johnathan Kirby was placed in Plaintiff's cell, which constituted a danger to his health. *Id.* Plaintiff contends he could have been hurt as he was unable to protect himself. *Id.* On January 17, 2025, Lt. Flemmings and Lt. Matusiewicz locked down the pod "for someone flushing a towel down our toilet and known knowing who actually done it." *Id.* From January 5 to January 10, 2025, Erik Daniel deprived Plaintiff of a dressing change. *Id.* Plaintiff contends he was supposed to receive a dressing change to avoid infection and, as a result, he got an infection.

4

*Id.* On January 27, 2025, during the medical call around 3 or 4 pm, Officer Macievien was passing out medications while officer Williams was "popping" the doors. *Id.* at 7. Plaintiff was standing at the door and inmate Eaddy ran up and Plaintiff had to defend himself and fight inmate Eaddy, thus allowing Plaintiff's security to be breached. *Id.* On February 4, 2025, Linwood did not show up to Plaintiff's court date and he never came and visited Plaintiff nor spoke to him. *Id.* On January 26, 2025, Officer Ceaser allowed inmate Eaddy to spit and pour water under Plaintiff's door, violating Plaintiff's safety. *Id.*

On November 20, 2024, Sgt. Brown and Sgt. Hicks demanded Plaintiff hand over his warrants during booking. *Id.* They refused to let Plaintiff keep his legal paperwork to show his lawyer. *Id.* Plaintiff contends they gave him "new documents and took my old ones." *Id.* On January 31, 2025, Lt. Matusiewicz took Plaintiff's wheelchair away while going to McCleod orthopedic, depriving Plaintiff of his medical tools. *Id.* at 8. That same day, Lt. Flemmings took Plaintiff's sock that he got from medical. *Id.* Plaintiff was going to a medical appointment and Lt. Flemmings made him take it off. *Id.* Lt. Flemmings put the rotation on lockdown for twelve hours for an inmate flushing a towel. *Id.* On January 4, 2025, Plaintiff went to the doctor and was told his leg was infected. *Id.* Plaintiff was prescribed antibiotics and stated the infection was the result of the dressing not being changed every day and not cleaned. *Id.* On January 4, 2025, Erik Daniel placed Plaintiff behind booking "after negligence and [Plaintiff's] leg being infected," depriving Plaintiff of his regular privileges. *Id.* On March 5, 2025, Cpl. Gee placed Plaintiff in Pod A on the top bunk with a wounded leg. *Id.* at 9. On March 3, 2025, inmate Michael Wheatley stated that Cpl. Gee told him about some murders Plaintiff had committed. *Id.* Plaintiff contends he never committed any murders. *Id.* According to Plaintiff, Cpl. Gee bribed the other inmate to lie about Plaintiff. *Id.*

For his injuries, Plaintiff contends he suffered an infection of his leg/ankle, extreme pain, extreme fever, surgery, extreme bleeding, arthritis, potential amputation of his leg/ankle, pain and suffering, no antibiotics, no dressing changes causing infection, broken fibula and ankle, did not receive ibuprofen most days, stress, PTSD, no physical therapy, no rotation in ankle, and staff infection.  ECF No. 1 at 7.  For his relief, Plaintiff seeks money damages in the amount of $1,000,000, compensatory damages in the amount of $1,000,000, punitive damages, nominal damages, and unspecified injunctive relief.  *Id.*

## STANDARD OF REVIEW

Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute, which authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c) and "seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  Thus, even if Plaintiff had prepaid the full filing fee, this Court would still be charged with screening Plaintiff's lawsuit to identify cognizable claims or dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.

Because Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal.  The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim

on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Although the Court must liberally construe the *pro se* pleadings and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact). "A claim has 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As noted, although the Court must liberally construe the pro se complaint, a plaintiff must do more than make conclusory statements to state a claim for relief. *See Iqbal*, 556 U.S. at 677; *Twombly*, 550 U.S. at 555. Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the

reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79; *see also Adams v. Rice*, 40 F.3d 72, 74–75 (4th Cir. 1994) (explaining that, although the court must liberally construe the pro se complaint, a plaintiff must do more than make mere conclusory statements to state a claim); *White v. White*, 886 F.2d 721, 723–74 (4th Cir. 1989) (dismissing complaint dismissed because it "failed to contain any factual allegations tending to support his bare assertion"). Thus, although a plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the complaint, he must allege facts that support a claim for relief. *Bass v. DuPont*, 324 F.3d 761, 765 (4th Cir. 2003).

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) (quoting 42 U.S.C. § 1983). To state a claim under § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## DISCUSSION

### The Action is Subject to Dismissal Pursuant to Rule 41(b)

This action is subject to dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Plaintiff was directed to file an amended complaint in accordance with this Court's Order dated April 3, 2025. ECF No. 9. However, Plaintiff has not filed an amended complaint or any response to the Court's Order, and he has failed to correct the

pleading deficiencies of his original Complaint and accompanying documents. Plaintiff has failed to prosecute this case and has failed to comply with the Order of this Court. As Plaintiff has already ignored this Court's Order and deadlines, action less drastic than dismissal would not be effective. Accordingly, this case should be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962).

Plaintiff's claims, as presented, are also subject to dismissal for the following reasons.

**Pleading Requirements**

Plaintiff's verbose, rambling Complaint fails to comply with the pleading requirements of the Federal Rules of Civil Procedure. *See Sims v. Tinney*, 482 F. Supp. 794, 795 (D.S.C. 1977), *aff'd*, 615 F.2d 1358 (4th Cir. 1979) ("The complaint in this case is rambling and verbose, and in violation of Rule 8 of the Rules of Civil Procedure."). Rule 8(a)(2) requires that the Complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Additionally, Rule 8(d)(1) mandates that "[e]ach allegation must be simple, concise, and direct." The purpose behind Rule 8 is "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal citation and quotation marks omitted); *see also Lagana v. Shearin*, C/A No. PJM-cv-14-970, 2014 WL 11996364, at *1 (D. Md. Apr. 2, 2014) ("[A] pleading must give the court and Defendants 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'") (citations omitted). And, although the Court must liberally construe the filings of pro se litigants, *see Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002), "there are limits to which the court may go in dealing with such filings." *Gardner v. Easley*, C/A No. 5:07-CT-3104-D, 2007 WL 9728762, at *1 (E.D.N.C. Dec. 27, 2007); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints are not, however, without limits.")).

9

Plaintiff has exceeded those limits and has failed to comply with Rule 8 as his Complaint is comprised of rambling, disjointed allegations and contains numerous frivolous claims. *See, e.g.*, *Boulineau v. Horry Cty. Council*, C/A No. 4:17-cv-00394-RBH, 2018 WL 826723, at *1 (D.S.C. Feb. 12, 2018). To the extent Plaintiff has asserted viable claims in his Complaint, they are "interspersed through [dozens] of pages of extraneous, irrelevant and repetitive material." *Holsey v. Collins*, 90 F.R.D. 122, 128 (D. Md. 1981) (finding that, although the *pro se* complaint contained potentially viable claims, the court should dismiss the action under Rule 8 because the voluminous, repetitive, and conclusory allegations were not a "short and plain statement" of the facts and legal claims and that such a complaint "places an unjustifiable burden on defendants to determine the nature of the claim against them and to speculate on what their defenses might be," and "imposes a similar burden on the court to sort out the facts now hidden in a mass of charges, arguments, generalizations and rumors"); *see also Adams v. Elrich*, C/A No. 20-cv-1988, 2021 WL 1424058, at *1 (4th Cir. Apr. 15, 2021). "[A] court is not obliged to ferret through a complaint, searching for viable claims." *Consider v. Medicare*, C/A No. 3:09-cv-00049, 2009 WL 9052195, at *1 n.1 (W.D. Va. Aug. 3, 2009), *aff'd*, 373 F. App'x 341 (4th Cir. 2010). Plaintiff's Complaint "is not a 'short and plain statement,' nor is it 'concise and direct,' and the convoluted and redundant narratives and far-fetched legal conclusions render the complaint nearly incomprehensible." *Fauber v. Commw.*, C/A No. 3:10-cv-00059, 2010 WL 4961743, at *2 (W.D. Va. Nov. 30, 2010). As such, it is subject to dismissal for failing to comply with Rule 8. *Bessellieu v. Bone*, C/A No. 8:21-cv-01067-MGL-JDA, 2021 WL 2690128, at *8 (D.S.C. June 3, 2021), *R&R adopted by* 2021 WL 2688871 (D.S.C. June 30, 2021); *Kitchings v. Integral Consulting Servs., Inc.*, C/A No. PWG-19-cv-3374, 2021 WL 3418838, at *2 (D. Md. Aug. 5, 2021) (explaining, "[w]hen a complaint fails to comply with Rule 8, it may be dismissed and collecting cases dismissing "complaints for

10

failing to comply with Rule 8 where the complaints included unrelated charges, and were confusing, redundant, and verbose").

As to many of the purported claims asserted, Plaintiff makes sweeping allegations that do not appear to be based on any facts or specific circumstances involving Plaintiff or any specific Defendant. *See Brown v. Barnes*, C/A No. 8:22-cv-00550-DCN-JDA, 2022 WL 18956667, at *7 (D.S.C. June 10, 2022), *R&R adopted by* 2023 WL 2211089 (D.S.C. Feb. 24, 2023). Indeed, the Complaint uses a "shotgun pleading" approach. A complaint that "fails to articulate claims with sufficient clarity to allow the defendant[s] to frame a responsive pleading . . . or [one in which] it is virtually impossible to know which allegations of fact are intended to support which claims for relief" constitutes a "shotgun pleading." *SunTrust Mortgage, Inc. v. First Residential Mortg. Servs. Corp.*, C/A No. 3:12-cv-162, 2012 WL 7062086, at *7 (E.D. Va. Sept. 11, 2012); *see also Turton v. Va. Dep't of Educ.*, C/A No. 3:14-cv-446, 2014 WL 12539403, at *2 (E.D. Va. Sept. 23, 2014) ("[The] Complaint is the quintessential 'shotgun pleading' that . . . is presented in such a conclusory form that it is virtually impossible to ascertain what claims are asserted against which defendants and on what legal basis the respective claims are founded."). The Federal Rules of Civil Procedure simply require "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff has failed to follow these simple guidelines, and the Complaint simultaneously says too much and too little. *Renzi v. Naphcare, Inc.*, C/A No. 1:24-cv-211, 2025 WL 448007, at *2 (M.D.N.C. Feb. 10, 2025). "Plaintiff's Complaint throws the proverbial 'kitchen sink' at the Defendants, setting forth a litany of general complaints he has about the conditions under which he is held at the Detention Center." *Crouchman v. Pickens Cnty. Council*, C/A No. 9:16-cv-0804-CMC-BM, 2017 WL 767185, at *11 (D.S.C. Feb. 3, 2017), *R&R adopted by* 2017 WL 749393 (D.S.C. Feb. 27, 2017).

11

**Alleged Conduct Toward Other Inmates**

The Complaint also contains numerous allegations about conduct directed at other inmates. ECF No. 1-1 at 2 (alleging Plaintiff witnessed another inmate being sprayed with mace, and another inmate was denied medical care and died of an overdose), 3 (alleging Plaintiff witnessed another inmate being tased 8 times even though he was posing no threat). Plaintiff cannot assert claims on behalf of other inmates. *See Sirleaf v. Northam*, C/A No. 3:19-cv-182, 2019 WL 4247824, at *4 (E.D. Va. Sept. 6, 2019). "A *pro se* litigant lacks standing to bring suit on behalf of others." *Kopp v. Ziolkowski*, C/A No. 5:22-cv-00391, 2025 WL 451693, at *3 (S.D.W. Va. Jan. 7, 2025), *R&R adopted by* 2025 WL 451691 (S.D.W. Va. Feb. 10, 2025). To the extent Plaintiff seeks to bring a claim on behalf of other inmates, such claims are subject to dismissal, and Plaintiff's claims must be limited to his own personal alleged constitutional violations. *Elmore v. Herring*, C/A No. 5:13-CT-3107-FL, 2015 WL 5714888, at *4 (E.D.N.C. Sept. 29, 2015).

**Lack of Factual Information**

As to potentially viable claims pertaining to Plaintiff's own medical care and the conditions of his confinement, Plaintiff's allegations are insufficient to state a claim for relief. Among the hodgepodge of claims for relief, Plaintiff alleges that he suffered a leg infection that was not properly treated. ECF No. 1-1 at 6 (alleging "I am supposed to receive dressing change to avoid infection; which I did gain an infection"). The seriousness of such a claim is not lost on the Court. However, Plaintiff's allegations concerning this particular issue, with little to no factual averments to support a claim for relief, are insufficient at this stage of review.

Additionally, Plaintiff lodges numerous complaints about the conditions of his confinement. *See, e.g.*, ECF No. 1-1 at 5; 7. However, while Plaintiff undoubtedly does not like being detained, the fact remains that during the time period set forth in the Complaint he was a

12

prisoner in a county jail, and it should be expected that the conditions in such a setting are often times less than ideal. *See, e.g., Best v. Sommers*, C/A No. 1:23-cv-5539-MGL-SVH, 2023 WL 8437760, at *3 (D.S.C. Dec. 5, 2023) (finding allegations similar to Plaintiff's insufficient to state a claim of a constitutional magnitude). Plaintiff must allege more than mere conclusory assertions to state a plausible claim for relief. *See Griffith v. State Farm Fire and Cas. Co.*, C/A No. 2:12-cv-00239-DCN, 2012 WL 2048200, at *1 (D.S.C. June 6, 2012) (finding that the plausibility standard requires more than "'an unadorned, the-defendant-unlawfully-harmed-me accusation.'") (quoting *Iqbal*, 556 U.S. at 678).

**Individual Named Defendants**

Many of the Defendants named in the Complaint are entitled to dismissal as Plaintiff makes no allegations that they had any direct, personal involvement in the events underlying Plaintiff's claims as to any constitutional violations as to him. Plaintiff's "general allegations, absent any specific facts of personal involvement in the events giving rise to this case, are insufficient to state a cognizable § 1983 claim" against many Defendants. *Tracey v. Nelson*, C/A No. 1:12-cv-1614-JMC-SVH, 2012 WL 4583107, at *2 (D.S.C. Aug. 31, 2012), *R&R adopted by* 2012 WL 4588205 (D.S.C. Oct. 1, 2012). As such, Plaintiff's claims against Defendants, as pled, are without merit, and they are entitled to summary dismissal. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed."); *Newkirk v. Cir. Ct. of City of Hampton*, C/A No. 3:14-cv-372-HEH, 2014 WL 4072212, at *2 (E.D. Va. Aug. 14, 2014) (finding the complaint was subject to summary dismissal where plaintiff made no factual allegations against the named defendants within the body of the pleading).

13

## CONCLUSION AND RECOMMENDATION

Based upon the foregoing, it is recommended that the district court **DISMISS** this action pursuant to 28 U.S.C. §§ 1915 and 1915A without prejudice, without further leave to amend,[2] and without issuance and service of process.

**IT IS SO RECOMMENDED**.

s/William S. Brown
United States Magistrate Judge

June 10, 2025
Greenville, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

---

[2] As Plaintiff has been afforded an opportunity to file an Amended Complaint but failed to correct his pleading deficiencies, the undersigned recommends that this action be dismissed without further leave to amend.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Suite 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).